[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 28, 1996
Date of Application: May 28, 1996
Date Application Filed: May 31, 1996
Date of Decision: February 25, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR 95 — 236743; CT Page 3384
Jayne Kennedy. Esq., Defense Counsel, for Petitioner
John Davenport. Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was then 38 years of age, was convicted following a trial by jury of Sale of Narcotics (§ 21a-277 (a) and Possession of Narcotics (§ 21a-279 (a).
He was sentenced to a term of 15 years on the 1st count (sale) and a concurrent term of 5 years on the 2nd count (possession), for a total effective sentence of 15 years.
The petitioner was convicted of making a $20.00 sale of heroin to an undercover agent.
His attorney argues that the sentence is unduly severe given the small amount involved and points out the petitioner has a long history of drug abuse. She opines that the 15 year sentence does not adequately address the rehabilitative purposes of a sentence.
The State's Attorney points out the petitioner's prior criminal record and the fact that he was on probation for a drug offense at the time of this new crime. The State's position is that the sentence was appropriate under all the circumstances.
The petitioner's adult criminal record is lengthy and goes as far back as 1977, when he was approximately 19 years of age. He was convicted of assault 3rd degree and received a 90 day sentence.
In 1978, he was convicted of Breach of Peace and fined.
In 1983 he was convicted of sale of narcotics and sale of drugs and sentenced to 1 year in jail. CT Page 3385
Between 1983 and 1985 he had 3 convictions for larceny, 6th degree.
In 1986 he was convicted in New York of a narcotic offense.
In 1987, he was convicted of Possession with Intent to sell narcotics, 2 counts of sale of narcotics and sentenced to a term of 5 years for these 1987 offenses.
In 1990, he was sentenced to a 3 year term for possession of narcotics and in 1993 received a 3 year suspended sentence for possession of narcotics. He was also again convicted in 1993 for another possession of narcotics.
The instant conviction resulted in a charge of violation of probation from the 1993 conviction.
It appears that the petitioner had nine prior drug related convictions and an unsuccessful probationary sentence. His narcotics record is persistent and the obvious conclusion a reasonable person could draw is that incarceration is the only thing that keeps him from trafficking in narcotics.
With this dismal record, the sentencing court had ample justification to impose the sentence it did. Applying the standards of Practice Book § 942, the Review Division finds it to be appropriate and not disproportionate. It is affirmed.
Purtill, J. Klacza, J. Norko, J.
Purtill, Klaczak, and Norko, J.s, participated in this decision.